■ MOLLIE S. LUBICZ, Respondent, v MORRIS ROSEN et al., Appellants.— In an action *inter alia* for an accounting, defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County, entered March 25, 1976, as granted the branch of plaintiff's motion which sought a direction, pursuant to CPLR 3124, for the appearance of defendants at examinations before trial. Order affirmed insofar as appealed from, with $50 costs and disbursements. Laches is not appropriate as a bar to the entire suit. In combination, the circumstances which caused the initial delay, the settlement offers, and defendants' failure to take any affirmative action in furtherance of dismissal, discredit laches as a defense. Laches is similarly inappropriate as a bar to discovery proceedings. Defendants failed to reserve their rights to object to the notice of examination. Two adjournments were obtained with the consent of defendants, which thereby defeated their right to object subsequently (see *Zeif v Zeif,* 31 AD2d 625; *Brand v Colgate-Palmolive Co.,* 21 AD2d 670; *Kohn v Rockaway Crest Section No. 1,* 4 AD2d 877; *Sutphin Realty Co. v Breinig,* 206 App Div 713). Discovery proceedings cannot be defeated based upon an alleged status of the plaintiff as a minority stockholder. Hopkins, Acting P. J., Martuscello, Cohalan, Margett and Shapiro, JJ., concur.